

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 17, 1958

Hon. Zollie Steakley
Secretary of State
Austin, Texas

Opinion No. WW-191-A
Re: Whether a foreign corporation
that is a limited partner
must take out a permit to do
business in the State if the
limited partnership engages
in certain limited activities
in the State; and related
question.

Dear Mr. Steakley:

OUr previous Opinion No. WW-191 is withdrawn and the
following is substituted in lieu thereof:

You have stated and asked the following:

"The opinion of your office is respectfully
requested in consideration of the following:

"A limited partnership if being formed on
the basis of Article 6132A of Vernon's Civil
Statutes to be known as Venezolano Petroleum,
Ltd. The partnership is being formed to ac-
quire an undivided interest in certain hydro-
carbon concessions granted by the Republic of
Venezuela and to join in the exploration and
development of said concessions, and it will
not engage in any activities except such as
relate to its properities in Venezuela. San
Jacinto Venezolano, C. A., a Delaware corpor-
ation qualified in Texas and registered in
Venezuela, will be sole general partner and
the limited partners will consist of a group
of persons, some of whom are individuals,
some partnerships and some corporations. The
only activity which the General Partner may
perform for the partnership in Texas will be
the keeping of books and records of transac-
tions carried out in Venezuela, the filing of
a United States Income Tax Return (Form 1065),
the exercise of general supervision over oper-
ating personnel in Venezuela and possibly in
some instances the negotiation of contracts to
be performed in Venezuela.

"The questions presented under the submitted facts are:

"1. Will a corporate limited partner be required to take out a permit to do business if the partnership engages in no other activities than those stated above?

"2. Is a partnership regarded as a 'person' within the meaning of Section 2 of the Texas Uniform Partnership Act, entitled to become a partner either initially or by substitution?"

We answer your first question as follows:

A foreign corporation which becomes a limited partner in a Texas limited partnership and contributes capital to the partnership is transacting business in the State so as to require qualification in the State if the acts of the partnership would constitute transacting business in the State if done by the foreign corporation alone or if the actions of the foreign corporation constitute transacting business in the State. Harris v. Columbia Water & Light Co., 108 Tenn. 245, 67 S.W. 811; Ashland Lumber Co. v. Detroit Salt Co., 114 Wis. 66, 89 N.W. 904; Fletcher's Corporations (Perm. Ed.) 8500, Vol. 17, p. 553. The extent to which the foreign corporation is transacting business in the State is to be measured by its capital contribution or investment in the limited partnership. People ex rel Badische Anilin & Soda Fabrik v. Roberts, Comptroller, (Court of Appeals, N.Y., 1897) 46 N.W. 161; Sec. 10(a) of the Texas Uniform Limited Partnership Act (codified as Article 6132a, Sec. 10a, Vernon's Texas Civil Statutes); and 32 Tex. Jur. 312, Partnership, § 61. If this were not so, foreign corporations could circumvent compliance with statutory requirements for obtaining a certificate of authority to transact business in the State. Fletcher's Corporations, § 8517, Vol. 17, p. 606.

The question whether certain acts constitute the transacting of business in the State is mainly a question of fact. All the combined acts of the foreign corporation, and in this instance the acts of the limited partnership and the corporate general partner, must be considered. Security Co. v. Panhandle National Bank, (Texas Sup. Ct., 1900), 57 S.W. 22, Fletcher's Corporations (Perm. Ed.) Sec. 8464, Vol. 17, p. 465.

It is significant that if the limited partnership was not transacting business in the State, there would not seem to be any reason for the limited partnership to register with the Secretary of State. Further, it is noted that the requirement of Article 8.01 of the Texas Business Corporation Act is "to

transact business". There is a distinction between "transacting business" and "doing business". Less activity is necessary to constitute "transacting business" than to constitute "doing business". See Smythe v. Ft. Worth Glass and Sand Co., (Tex. Sup. Ct., 1912), 142 S.W. 1157, and the authorities cited and discussed. Although Section B of Article 8.01 of the Texas Business Corporation Act puts at rest many old issues, Section A of Article 8.01 invokes the requirement of procuring a certificate of authority more strictly and based on less activity or fewer acts or occurrences than the old requirements of what constituted "doing business". The answer to your first question is "yes".

We do not believe it is necessary to answer your second question, as an answer thereto would in no way aid the Secretary of State in the discharge of the duties of his office. This is so, because when the document described in Vernon's Revised Civil Statutes, Art. 6132a, Sec. 3, is presented to the Secretary of State for filing, together with the filing fee of $25.00, it is the duty of the Secretary of State to file it. An adjudication of whether the parties to the document who purport to become limited partners do or do not become limited partners would have to be made by a court; this adjudication is not for the Secretary of State.

## SUMMARY

A foreign corporation which has entered into a Texas limited partnership as a limited partner must take out a certificate of authority to transact business in this State if the actions of the partnership or of the foreign corporation constitute the transacting of business in the State under Article 8.01 of the Texas Business Corporation Act, if done directly or alone by the foreign corporation. The acts described in this request do constitute transacting business in the State. We do not find it necessary to answer the second question asked.

Very truly yours,

WILL WILSON
ATTORNEY GENERAL OF TEXAS

GPB:jas:vc

APPROVED:
OPINION COMMITTEE:                    By s/George P. Blackburn
E.M. DeGeurin, Chairman                  George P. Blackburn
John Minton, Jr.                         Assistant
J. W. Wheeler
REVIEWED FOR THE ATTORNEY GENERAL BY:  W. V. Geppert